KARNAS LAW FIRM, P.C.
565 S. 4th Avenue
Yuma, AZ 85364
Phone: 928-723-0088
M. David Karnas, Esq. (SBN 013728)
 Stefano D. Corradini, Esq. (SBN 013192)
karnas@karnaslaw.com
scorradini@karnaslaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT ARIZONA

| | |
|---|---|
| Fernando Balderrama;<br>Maria Balderrama,<br><br>      Plaintiffs,<br><br>      vs.<br><br>United States of America; Andrew Zumhoff,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiffs, Fernando Balderrama and Maria Balderrama, through undersigned counsel, complain of Defendants, United States of America and Andrew Zumhoff, and for their cause of action show the following:

## I.  INTRODUCTION

1.  This is an action against the Defendant United States of America under the Federal Torts Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence in connection with a single vehicle collision that occurred on December 12, 2019.

Case 2:21-cv-02186-SPL   Document 1   Filed 12/21/21   Page 2 of 5

2. The claims herein are brought against the Defendant pursuant to Federal Tort Claims (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. § 1346 (b)(1) for money damages as compensation for personal injuries caused by the negligence of Defendants.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Torts Claims Act.

4. This suit has been timely filed, in that Plaintiffs timely served notice of their claim.

5. Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. §2401(b).

## I. PARTIES, JURISDICTION AND VENUE

6. Plaintiffs Fernando Balderrama and Maria Balderrama, at all times relevant hereto, were residents of Yuma County, Arizona.

7. Defendant United States of America employs Andrew Zumhoff and Department of Homeland Security and/or U.S. Immigration and Customs Enforcement.

8. Pursuant to 42 U.S.C. §233(a), Congress has provided that the remedy provided in 28 U.S.C. §§1346(b) and 2672 against any person deemed to be a Public Health Services Officer or employee "for damage for personal injury . . . resulting from the performance of medical, dental, or related functions, . . .while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding" and shall be against the United States of America.

9. At all times relevant to this Complaint, Andrew Zumhoff was employed by/with Defendant United States of America.

10. Defendant United States of America is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction of this action is based upon 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Arizona.

## II. FACTS OF THE CASE

13. On December 12, 2019, Plaintiff Fernando Balderrama was operating his motor vehicle eastbound on 32nd Street at its intersection with 4th Avenue, in Yuma, Arizona.

14. Maria Balderrama was the front seat passenger in Plaintiff Fernando Balderrama's vehicle.

15. At the same time, Defendant Andrew Zumhoff, under the course and scope of his employment with the United States Department of Homeland Security and/or U.S. Customs and Immigration Enforcement, was operating a United States military vehicle directly behind Plaintiffs' vehicle.

16. Defendant Andrew Zumhoff followed too closely, failed to control his vehicle and caused a rear-end collision with Plaintiffs' vehicle.

17. Defendant Andrew Zumhoff negligently and recklessly operated the military vehicle by crashing into the Plaintiffs' vehicle.

18. Plaintiffs Fernando Balderrama and Maria Balderrama suffered serious personal injuries as a result of the subject collision.

## III. CAUSES OF ACTION

## COUNT 1 : GENERAL NEGLIGENCE

19. Plaintiffs reassert and reallege the preceding allegations as though fully set forth herein, and further allege as follows:

20. On the date of the collision, Defendants, and each of them, owed a duty of care to Fernando Balderrama and Maria Balderrama to avoid negligent acts and omissions.

21. In committing the negligent acts and omissions alleged above on the date of the collision, Defendants breached that duty of care owed to Plaintiffs.

22. As a direct and proximate results of Defendants' negligence, Fernando Balderrama and Maria Balderrama suffered personal injuries.

23. Defendants' breach of their duties, all as described above, actually and proximately caused all of Plaintiffs' injuries. Those injuries include physical injury, pain, discomfort, suffering, anxiety, medical expenses, lost wages, economic damages, property damage, loss of use, and inability to enjoy life in the same manner as before the collision, and other injuries.

24. The foregoing damages were all caused proximately by Defendants' negligence.

## X. AD DAMNUM

**WHEREFORE** as a direct result of Defendants' tortious acts and omissions, Plaintiffs pray for judgment in its favor and requests that the case be tried to a jury and this Court:

A.   Award to Plaintiffs actual damages in a just and reasonable sum;

B.   Award to Plaintiffs all special damages in a sum to be determined herein;

C.   Order Defendant to pay costs;

D.   Order Defendant to pay prejudgment and post-judgment interest; and

//

//

E.      Grant to Plaintiffs such other and further legal or equitable relief as this Court deems just and proper.

DATED this ___**21st**___ day of December, 2021.

KARNAS LAW FIRM, P.C.

By ___*/s/ **M. David Karnas***___

M. David Karnas, Esq.
Stefano D. Corradini, Esq.
*Attorneys for Plaintiffs*